## Eisenberg v. Mifflin.

*N. Shapiro*, for plaintiff; *A. N. Keim*, for defendant.

LEWIS, J., April 30, 1929.—This is an action to recover the sum of $500, the amount of a check drawn to the order of the plaintiff by the defendant on March 31, 1928. The case was tried by the court without a jury, and the evidence developed a situation, briefly, as follows: Both parties met at the office of one of the referees in bankruptcy in the City of Philadelphia preparatory to a sale of the assets of a bankrupt for whom John J. Casey had theretofore been appointed receiver in bankruptcy. Plaintiff having submitted a bid of $3200 for the assets, as against the defendant's bid of $3000, plaintiff and defendant adjourned to an anteroom of the referee's office and an arrangement was entered into by which plaintiff, as contended by him, agreed to "withdraw" his bid of $3200 and leave defendant's bid of $3000 as the highest bid for the assets of the bankrupt estate. As the consideration for the plaintiff so withdrawing his bid, or, to use the language of the plaintiff and his counsel, "assigning his bid" to the defendant, the latter gave the check in suit. Upon receipt of the check, plaintiff attempted to withdraw the bid, but, at the instance of counsel for the receiver, the referee refused to permit him so to do, and plaintiff then left to collect on the check in his possession. Defendant, however, was one step ahead of him and stopped payment on the check. The present suit then resulted.

Plaintiff in his statement of claim declares on the check and sets out, as he calls it, a copy of the same. An examination of the instrument, however, dis-

closes that plaintiff left out of his copy a very material portion of the writing, to wit: "In consideration of the Keystone Finance Company (plaintiff) withdrawing their bid, this check is O. K. (Signed) W. P. Mifflin."

No comment is necessary upon such a situation. A copy of an instrument which fails to set forth an important and material part of the instrument is not a copy of the paper. Whatever the purpose in excluding from the copy of the check the words above quoted, innocent or otherwise, it is apparent that had it been made a part of the pleadings, as it should have been made, the case hardly would have been submitted for trial. It could and would have properly been ended upon interlocutory proceedings on a rule. At any rate, the bid was never withdrawn, it was not assigned, and the consideration for the giving of the check failed totally. Apart from that, the record and all the evidence, written as well as oral, satisfies the Trial Judge that the arrangement entered into between the parties is such as ought not to be countenanced, let alone sustained, in a judicial proceeding. The mere statement of the circumstances of the giving of the check shows that the entire proceeding was an attempt to keep down bidding at a judicial sale without the knowledge of all the parties interested, and as such is against public policy and will not be enforced: Barton v. Benson, 126 Pa. 431; Hays's Estate, 159 Pa. 381.

Pomeroy's Eq., vol. 2, § 934, states the rule as follows: "Where property is to be sold at public auction, and especially where the sale is by order of the court or is made in the course of government administration, a secret combination among persons interested in bidding, whereby they stipulate to refrain from bidding in order to prevent competition and to lower the selling price of the property, is illegal according to the universal course of decisions in this country. The stipulations of the buyer to pay compensation to the others in consideration of their promise not to bid or to share the property with them are void, and the sale itself, made as the result of the combination, is also tainted with the fraud and will be set aside at the suit of the vendor."

Courts of justice cannot be permitted to be used in any attempt to recover upon a transaction so contrary to public policy as the evidence discloses this to have been.

No useful purpose will be served in extending this memorandum.

A finding is entered for the defendant.